UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JORDAN DON LEBIE,<br><br>                     Plaintiff,<br><br>       v.<br><br>ENCOMPASS INSURANCE COMPANY OF AMERICA; ROE CORPORATIONS 1 through 10 inclusive; and DOES 11 through 20, inclusive,<br><br>                     Defendants. | Case No. 2:15-CV-75-KJD-GWF<br><br>ORDER |

Before the Court is Defendant Encompass Insurance Company of America's ("Encompass") Motion to Dismiss or in the Alternative Motion for Summary Judgment (#4). Plaintiff Jordan Lebie ("Lebie") opposed the motion (#7) and Encompass replied (#10). Because matters outside the pleadings are asserted and considered, the Court will treat the motion as one requesting summary judgment. Fed. R. Civ. Pro 12(d).

**I. Background**

In 2004, Lebie was the driver in a single-vehicle accident which left his passenger in critical condition. Lebie's passenger retained an attorney who demanded that Encompass, Lebie's insurer, tender its "per accident" limit of $300,000. It is unclear when, if ever, this offer was communicated to Lebie. Encompass offered its "per person" limit of $100,000.

Eventually, Lebie's passenger prevailed at trial against Lebie, with an initial verdict of $475,000, and an amended verdict including medical expenses, fees, costs, and interest of

1  $2,983,890.35. During this period, Encompass filed a declaratory action seeking a judgment that
2  coverage was limited to its $100,000 "per person" limit. Lebie stipulated to a judgment in favor
3  of Encompass on this issue.
4      The present action was apparently filed on August 28, 2014 in the state courts, and
5  subsequently removed to this Court. Lebie claims that Encompass is liable for breach of contract,
6  violation of NRS 686A.310, and bad faith failure to settle.

**II. Legal Standards**

    **A. Summary Judgment**

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment may be granted if the pleadings, depositions, affidavits, and other materials in the record show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material if it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Uncorroborated and self-serving testimony, without more, will not create a genuine issue of material fact. See Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Conclusory or speculative testimony is also insufficient to raise a genuine issue of fact. Anheuser Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. Once that burden is met, the nonmoving party then has the burden of setting forth specific facts demonstrating that a genuine issue exists. See Matsushita, 475 U.S. at 587; FED. R. CIV. P. 56(e). If the nonmoving party then fails to make a sufficient showing of an essential element for which it bears the burden of proof, the moving party is entitled to summary judgment. See Celotex, 477 U.S. at 322-23.

III. Discussion

    A. Breach of Contract

Despite Lebie's failure to oppose Encompass's motion on this claim, Local Rule 7-2 does not authorize the Court to automatically enter summary judgment in favor of Encompass. Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993). Rather, the Court must satisfy itself that the standards required under Federal Rule of Civil Procedure 56 have been met. Id. at 950-51. Here, although it appears unlikely that any breach of contract occurred, Encompass has failed to meet its burden.[1] Accordingly, summary judgment is **DENIED** without prejudice as to this claim. However, the Court reminds the parties of their continuing duties under Federal Rule of Civil Procedure 11(b), and encourages the parties to resolve any improper claims or defenses without further attention from the Court.

    B. NRS 686A.310

The statute designated as NRS 686A.310 is governed by NRS 11.190(3)(a) which provides a three-year statute of limitations for "[a]n action upon a liability created by statute, other than a penalty or forfeiture." See Schumacher v. State Farm Fire & Cas. Co., 467 F. Supp. 2d 1090, 1095 (D. Nev. 2006). Plaintiff asserts that final judgment was entered on September 2, 2010, and that notice of entry was not received until September 9, 2010. Calculating the statute of limitations from the latest date advanced by Lebie, this case should have been filed before September 9, 2013. It was filed in in August of 2014. Accordingly, as there is no genuine issue of material fact and as Encompass is entitled to judgment as a matter of law, summary judgment is **GRANTED** as to this claim.

///

///

///

---

[1] To begin, the Court has not been provided a copy of the contract, making a determination of whether the contract was breached impossible.

3

**C. Bad Faith**

**i. Statute of Limitations**

The tort of bad faith is controlled by a four-year statute of limitations. Davis v. State Farm Fire & Cas. Co., 545 F. Supp. 370, 372 (D. Nev. 1982); NRS § 11.190(2)(c). "The general rule concerning statutes of limitation is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." Petersen v. Bruen, 792 P.2d 18, 20 (Nev. 1990). Relief may be sought under a theory of bad faith when there is "an actual or implied awareness of the absence of a reasonable basis for denying benefits of the policy." Am. Excess Ins. Co. v. MGM Grand Hotels, Inc., 729 P.2d 1352, 1354-55 (Nev. 1986).

Encompass has failed to carry its burden. For example, Lebie alleges that Encompass engaged in bad faith failure to settle when it failed to inform him of an offer to settle for $300,000. Such a failure could certainly constitute an injury for which relief could be sought. However, no evidence has been put before the Court regarding when this failure was discovered by Lebie. Accordingly, the Court cannot determine whether there are genuine disputes of material fact, or whether Encompass is entitled to judgment as a matter of law on this issue.

**ii. Merits**

Much like the discussion above, Encompass has failed to bear its burden. It is undisputed that "an insurer can be liable for bad faith failure to settle even where a demand exceeds policy limits if the insured is willing and able to pay the amount of the proposed settlement that exceeds policy coverage." Allstate Ins. Co. v. Miller, 212 P.3d 318, 329 (Nev. 2009). Encompass's bald and self-serving assertions regarding these facts are wholly insufficient. For the reasons discussed above, Encompass's motion for summary judgment is **DENIED** without prejudice on this claim.

///

///

///

4

IV. Conclusion

In harmony with the foregoing analysis, Encompass's claims are **HEREBY GRANTED** in part and **DENIED** in part.

DATED this 10th day of March 2015.

_____
Kent J. Dawson
United States District Judge